## NEWPORT INDUSTRIES, Inc., v. UNITED STATES.

### No. 45527.

Court of Claims.

May 7, 1945.

230

John P. Lipscomb, Jr., of Washington, D. C. (Ellsworth A. Alvord and Floyd F. Toomey, both of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

On the facts we are of opinion that the depreciation schedules prepared by plaintiff did not constitute an informal claim for refund filed within three years from the time the return was filed on March 15, 1937, or within two years from the last payment on the 1936 tax on December 17, 1937. Moreover, if it could be assumed that the depreciation schedules prepared in October 1939 for the revenue agent for use in connection with his audit amounted to an informal claim for refund, such claim had been rejected as insufficient by the Commissioner in October 1940 when he refused to make a refund for 1936, and plaintiff had been notified on December 10, 1940, by the agent in charge that any refund for 1936 was barred before plaintiff undertook by a formal claim of January 8, 1941, to amend or perfect this alleged informal claim. A refund claim, informal or formal, cannot be amended or perfected as a matter of right after it has been denied or rejected, and after the period of limitation has expired. Sugar Land Railway Company v. United States, 48 F.2d 973, 71 Ct.Cl. 628, 635; Cuban-American Sugar Company v. United States, 27 F.Supp. 307, 89 Ct.Cl. 215, 225. Cf. B. Altman & Co. v. United States, 40 F.2d 781, 69 Ct.Cl. 721.

We cannot say that the preparation of the depreciation schedules requested by the agent was considered or intended by plaintiff at the time as a claim for refund. The evidence indicates that it did not regard these schedules as an informal claim for refund until after the statute of limitations had run. At that time, October 1939, plaintiff did not know whether an overassessment or a deficiency would result for 1936 from the audit and the depreciation schedules furnished. If plaintiff had believed at that time that it had made an overpayment on the basis of the additional depreciation shown on the schedules it could and probably would have asserted its right to a refund, either in such schedules or separately. Subsequently in February 1940 plaintiff signed a waiver of the statute of limitation on assessment of any deficiency that might be found to be due, and again did not assert an overpayment. Also, in February, plaintiff instead of asserting that the tax had been overpaid added $5,000 to its reserve for taxes in anticipation of an additional assessment for 1936. Since the object and purpose of a claim for refund are to put the Commissioner on notice that it is believed by the taxpayer that the tax has been overpaid, so as to enable him to correct errors made by the taxpayer in the return, or by him in his audit thereof, a document relied upon to constitute an informal claim for refund must at least contain a statement that is sufficient to be regarded as an assertion by the taxpayer that he believes the tax has been overpaid. We think the documents relied upon did not meet this test.

The facts show that the first intimation plaintiff had that its tax for 1936 had probably been overpaid was on June 14, 1940, when the revenue agent requested it to sign Form 873 accepting the proposed overassessments as shown in his audit report for 1936 and 1937 (finding 6). At that time the statute of limitation on a refund of three years from the filing of the return and two years from the date of the last payment had run.

We do not think in the circumstances that the depreciation schedules prepared in October 1939 amounted to an informal claim for refund. Plaintiff is therefore not entitled to recover, and the petition is dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN and WHITAKER, Judges, concur.

JONES, Judge, took no part in the decision of this case.