**E. H. STUART**

v.

**The UNITED STATES.**

No. 214–54.

United States Court of Claims.
April 5, 1955.

Numa L. Smith, Jr., Washington, D. C., for plaintiff. Musick, Peeler & Garrett and Miller & Chevalier, Los Angeles, Cal., were on the brief.

John A. Rees, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This is an action for the recovery of additional income taxes assessed by the defendant and paid by the plaintiff on his Federal income tax return for the calendar year 1944, in the amount of $25,180.46, together with interest collected thereon in the amount of $2,791.07, together with interest.

The case is before the court on the defendant's motion for a summary judgment dismissing the plaintiff's petition upon the ground that the allegations of facts in the petition fail to set forth any cause of action within the jurisdiction of the court because plaintiff's claim for refund was neither filed within three years after the return was filed nor within two years from the date of payment of the amount to which it relates.

Defendant contends that no suit can be maintained in this court upon a disallowed claim, which claim was filed after the statutory period of time had elapsed, unless it properly may be said that the formal claim which was not timely filed, constitutes an amendment of some prior claim that was filed during the period of time allowed by law. Plaintiff contends that the document referred to below, which was filed with the defendant on July 19, 1946, was a timely filed informal claim for refund which was perfected by his formal claim for refund of taxes paid.

Plaintiff on his 1944 income tax return claimed a deduction of $37,343.75 on account of amortizable bond premiums. Defendant, in accordance with its practice at that time, disallowed the entire $37,343.75 deduction. This disallowance resulted in a proposed income tax deficiency of $34,534.40 for 1944. In the same audit, the defendant examined plaintiff's return for 1945, during which year the bonds were sold, and proposed an adjustment of the capital gain thereon, reflecting an overassessment of $9,-335.94 for 1945. On July 18, 1946, defendant requested plaintiff to execute and file Treasury Form 870, "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax" in the amount of $34,534.40 for 1944, and Treasury Form 873, "Acceptance of proposed Overassessment" of $9,335.94 for 1945. Plaintiff, upon the advice of counsel, refused to execute either of the forms but did execute a typewritten document entitled "Waiver of Restriction on Assessment and Collection of Deficiency in Tax," as follows:

"Pursuant to the provisions of Section 272(d) of the Internal Revenue Code [26 U.S.C.A. § 272(d)], and/or corresponding provisions of prior Internal Revenue laws, the restrictions provided in Section 272 (a) of the Internal Revenue Code; and/or the corresponding provisions of prior Internal Revenue laws, are hereby waived and consent is given to the assessment and collection of a deficiency in income tax for the taxable year ended December 31, 1944, in the sum of $34,534.40, together with interest as provided by law.

"This waiver and consent is given on the condition that there be credited upon said deficiency the sum of $9,335.94 as an overpayment of income tax by the taxpayer for the taxable year ended December 31, 1945, together with interest as provided by law, it being the intention of the taxpayer to consent to the collection of only the difference between said deficiency, together with interest, if any, and the amount of said overpayment, together with interest.

"This waiver and consent is given subject to the following further conditions:

"(1) that the same shall not prejudice any amortizable bond premium claimed by taxpayer for the taxable year ended December 31, 1944, or any election to claim any such deduction;

"(2) that the same shall not be construed as a final closing agreement under Section 3760 of the Internal Revenue Code [26 U.S.C.A. § 3760], or as barring any future claim for refund."

Plaintiff, on July 19, 1946, delivered the typed document referred to above and his check for $25,198.46 representing the excess deficiency—$34,534.40 for 1944 over the overassessment, $9,335.94 for 1945, and his check for $2,791.07 covering the intereset due on the deficiency. At the time of the determination of the deficiency and at the time of the execution by plaintiff of the above-quoted document, the question which gave rise to the deficiency of $34,534.40 for 1944, through the disallowance of the deduction claimed by plaintiff for amortization of bond premiums, was in litigation.

After the United States Court of Appeals for the Second Circuit upheld the deductibility of the amortization of bond premiums on this type of bond in the case of Commissioner of Internal Revenue v. Korell, 2 Cir., 176 F.2d 152, on June 8, 1949 (rehearing denied July 14), plaintiff filed with the Collector of Internal Revenue a formal claim for refund on Treasury Form 843, perfecting his reservation and informal claim of July 19, 1946, for the refund of $27,971.53, representing taxes and interest overpaid for 1944, together with interest, less the sum of $18 refunded to plaintiff by defendant. This formal claim was filed on

June 19, 1949. In the formal claim plaintiff specifically referred to his informal claim for refund filed on July 19, 1946, and amended it by setting forth the facts on which he had originally claimed the deduction in his 1944 return, which facts were, for all practical purposes, a part of his informal claim of July 19, 1946, and legal arguments relative to the deductibility of the amortizable bond premium.

The Commissioner of Internal Revenue refused to refund the overpayment and denied the claim for refund (Form 843), on the ground that it was filed after the expiration of the statute of limitations.

The defendant admits the overpayment and the only question to be decided is whether the formal claim for refund filed by the plaintiff on June 19, 1949, can be held to have been a perfection of an informal claim filed with the collector on July 19, 1946.

■ Section 322(b) (1) of the Internal Revenue Code, 26 U.S.C. § 322(b) (1) (1952), provides as follows:

"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later * * *."

The purpose of the claim for refund required by section 322 is to advise the Government that the taxpayer believes his taxes have been erroneously assessed, and that he asks for the return or credit of the amount of overassessment. Newport Industries, Inc., v. United States, 60 F.Supp. 229, 104 Ct.Cl. 38. In determining whether a claim for refund is sufficient to satisfy these requirements, it must be "judged by the substance as related to the facts rather than the form in which it is stated." Higginson v. United States, 81 F.Supp. 254, 268, 113 Ct.Cl. 131, 158. It is not necessary under the statute, the regulations, and under all circumstances, that the assertion that a payment is erroneous and illegal and that such payment is an overassessment contain an express and specific demand for an immediate refund when, as here, the question upon the basis of which the refund is asserted and is asked, is in litigation.

In Night Hawk Leasing Co. v. United States, 18 F.Supp. 938, 84 Ct.Cl. 596, we held that a notation on the back of a check paying the taxes was sufficient in the circumstances to constitute an informal claim, which was perfected by a formal claim filed after the statutory period had expired. At page 941 of 18 F. Supp., at page 603 of 84 Ct.Cl., we held:

"* * * A written document constituting a demand for the return on a proper ground of the money paid, when accepted as such by the collector, is sufficient to constitute an informal claim for refund subject to completion and perfection at a later date if not previously acted upon by the Commissioner. * * * The collector knew when he received and accepted the checks and cashed them that the taxpayer was thereby filing claims for refund of such tax based upon its claim then pending in the court that the taxes * * * were not due * * *."

In United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 218, 86 L.Ed. 132, the Court held that a letter filed by the taxpayer protesting a proposed assessment and stating that if a revaluation were made, the taxpayer would claim the right to a refund, was sufficient to stay the running of the statute of limitations on the taxpayer's right to a refund of an excess in the earlier tax. The Court stated:

"This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with the formal requirements of the statute

and regulations, will nevertheless be treated as a claim, where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period. * * * This is especially the case where such a claim has not misled the Commissioner and he has accepted and treated it as such * * *."

When the instant case is viewed in the light of all the surrounding facts and circumstances, including the intention of the taxpayer, we believe the conclusion is inescapable that the taxpayer in his "Waiver of Restriction on Assessment and Collection of Deficiency in Tax" made a demand for the return of the overassessment for 1944. And we are further of the opinion that the Treasury officials so understood at the time that plaintiff was making such a demand. Both the plaintiff and defendant understood that the deductibility of the amortization of the bond premium in question was at the time being litigated in the courts and the special form of waiver filed by plaintiff clearly advised the Commissioner of sufficient facts and the right upon which plaintiff relied and indicated that if the bond premiums ultimately were held to be deductible, plaintiff would expect to have this right to the deduction and the refund recognized. The Commissioner had before him all the facts which the taxpayer had theretofore furnished and could furnish. The only question was the legal issue which was pending in the courts. Had a formal claim been filed instead of the informal one which asserted the right to a refund, the ground therefor and the facts on which it was based, such formal claim would doubtless have been rejected *pro forma* and further litigation would have been necessary. Under the circumstances in this case, the Commissioner clearly was put on notice by the document filed by plaintiff that plaintiff expected to receive a refund based on the deduction for amortization of bond premiums in the event the outcome of the litigation involving that specific question was favorable to the contention of the plaintiff. Accordingly, there was no need at that time for the taxpayer to make any detailed or formal assertions as to the facts and the grounds for the refund claimed. The intention of plaintiff to ask for refund of the overassessment is, it seems to us, clear. Cumberland Portland Cement Co. v. United States, 104 F.Supp. 1010, 122 Ct.Cl. 580. It is proper that the intention of the taxpayer should be taken into consideration. American Hide & Leather Co. v. United States, 284 U.S. 343, 347, 351, 52 S.Ct. 154, 76 L.Ed. 331.

We are of the opinion that when this informal claim is considered in the light of the facts and the circumstances existing at the time, including the intention of the taxpayer and the understanding of the Treasury officials, the formal refund claim filed on June 19, 1949, was but a perfection of the informal claim submitted to the collector on July 19, 1946. We fail to see that the document filed by the plaintiff is entitled to less weight than a statement in a protest or an assertion inscribed on the back of a check, each of which respectively was held to be an informal claim in United States v. Kales, supra, and Night Hawk Leasing Co. v. United States, supra. See Neilson v. Harrison, 7 Cir., 131 F.2d 205.

Since the Commissioner did not act upon or reject the informal claim for refund filed by the plaintiff on July 19, 1946, but held the same until the litigation of the question was terminated, the taxpayer could perfect the informal claim by the filing of a formal claim for refund. The facts alleged in the plaintiff's petition sufficiently set forth a cause of action and show that this court has jurisdiction to determine that cause of action. Accordingly, the defendant's motion for summary judgment is denied.

The plaintiff did not file a motion for summary judgment, but obviously in view of our decision, the facts alleged in the petition and the decision in Commissioner v. Korell, 339 U.S. 619, 70 S.Ct.

905, 94 L.Ed. 1108, the plaintiff is entitled to recover the overpayment of tax and interest for 1944. The parties may stipulate the amount of such overpayment for judgment.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.