Abraham **BARENFELD** and
Lena Barenfeld

v.

The **UNITED STATES.**

Charles **BARENFELD** and
Irma Barenfeld

v.

The **UNITED STATES.**
Nos. 234–66, 235–66.

United States Court of Claims.
May 14, 1971.

George T. Altman, Beverly Hills, Cal., attorney of record, for plaintiffs.

Frances M. Foltz, Washington, D. C., with whom was Asst. Atty. Gen. Johnnie M. Walters, Washington, D. C., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

These cases were referred to Trial Commissioner Mastin G. White with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 134(h). The commissioner has done so in an opinion and report filed on February 23, 1971. Neither party filed a notice of intention to except to the commissioner's report and opinion and the time for so doing under the Rules of the court has expired. On April 9, 1971, defendant filed a motion for judgment requesting that the court adopt the commissioner's findings of fact, opinion and recommended conclusion of law as the basis for its judgment in these cases.

Since the court agrees with the commissioner's opinion, findings and recommended conclusion of law, as hereinafter set forth, it hereby grants defendant's said motion and adopts the same as the basis for its judgment in these cases without oral argument. Therefore, plaintiffs are not entitled to recover on their respective claims for the year 1958 [the only remaining claims after the entry of the partial judgments for plaintiffs for the years 1959 and 1960 (in No. 234–66) and 1959 and 1961 (in No. 235–66) as set forth in the commissioner's opinion] and the petitions as they pertain thereto are dismissed.

## OPINION OF COMMISSIONER

White, Commissioner: The plaintiffs in these cases filed petitions on June 30, 1966, seeking refunds of income taxes. The plaintiffs in case No. 234–66 sought refunds for the calendar years 1958, 1959, and 1960; and the plaintiffs in No. 235–66 sought refunds for the calendar years 1958, 1959 and 1961.

When initially filed, these cases primarily involved the question of whether the respective plaintiffs had realized capital gains (as contended by the plaintiffs) or ordinary income (as contended by the Internal Revenue Service) in connection with sales of their respective interests in a partnership known as the Sam Berger Investment Company. The present cases were companions to Morse v. United States, Ct.Cl. No. 350–63, and Ginsburg v. United States, Ct.Cl. No. 70–65, which involved the question of whether the taxpayers Morse and Ginsburg, who owned partnership interests in the Sam Berger Investment Company similar to those owned by the present plaintiffs (except that the percentages of ownership differed), had realized capital gains or ordinary income in selling such partnership interests. Proceedings in the present cases were held in abeyance, pursuant to the joint request of the plaintiffs and the defendant, to await the outcome of the Morse and Ginsburg cases.

After decisions favorable to the taxpayers Morse and Ginsburg were rendered by this court in *Morse v. United States*, 371 F.2d 474, 178 Ct.Cl. 405 (1967), and in *Ginsburg v. United States*, 396 F.2d 983, 184 Ct.Cl. 444 (1968), the parties in the present cases filed stipulations for partial judgments—and the court entered partial judgments on March 13, 1970—in favor of the plaintiffs Abraham and Lena Barenfeld for the years 1959 and 1960, and in favor of the plaintiffs Charles and Irma Barenfeld for the years 1959 and 1961.

The claims for 1958 asserted in the present cases could not be disposed of on the basis of this court's decisions in the *Morse* and *Ginsburg* cases because the defendant had asserted in each of the present cases an affirmative defense based on the ground that the claim for 1958 was barred by the pertinent statute of limitations. Consequently, it was necessary to receive evidence with respect to such defense, and this was done at a joint trial that was held in late August of 1970.

The defendant bases its affirmative defense in each case upon Sections 6511 (a) and 7422(a) of the Internal Revenue Code of 1954 (26 U.S.C. §§ 6511(a), 7422(a)).

Section 6511(a) of the 1954 Code provides in pertinent part as follows:

Claim for credit or refund of an overpayment of any tax * * * in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later * * *.

Section 7422(a) of the 1954 Code states in part that:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Secretary [of the Treasury] or his delegate, according to the provisions of law in that regard * * *.

The alleged overpayments of 1958 income taxes for which recoveries are sought in the two pending cases were made by the respective plaintiffs in 1962 pursuant to deficiencies assessed by the Internal Revenue Service. In case No. 234–66, the principal amount of the deficiency for 1958 was paid not later than September 17, 1962, and the accrued interest was paid not later than October 22, 1962. In case No. 235–66, the deficiency and accrued interest were paid not later than July 17, 1962.

The evidence in the record shows that the plaintiffs in the present cases did not, prior to March 12, 1965, file with the Internal Revenue Service anything which purported to be a claim for refund or credit with respect to 1958 taxes. On March 12, 1965, the plaintiffs in each case filed with the Internal Revenue Service a Form 843 (Claim) for the year 1958.

Thus, the plaintiffs Abraham and Lena Barenfeld in case No. 234–66 filed their claim approximately 2 years and 5 months after they made the last payment on the deficiency for 1958; and the plaintiffs Charles and Irma Barenfeld in case No. 235–66 filed their claim approximately 2 years and 8 months after paying the deficiency for 1958. (In both instances, the formal claims were filed approximately 6 years after the taxpayers had filed their returns for 1958.)

The prior filing with the Internal Revenue Service of a timely and informative claim for refund or credit has long been a prerequisite to a suit for the recovery of an alleged overpayment of taxes. An important purpose of this requirement is to advise the Internal Revenue Service of the claims or demands which taxpayers intend to assert, so that the administrative agency can take appropriate steps to insure an orderly administration of the revenue. *United States v. Felt & Tarrant Mfg.*

Co., 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025 (1931).

■ It is not necessary that a claim for refund or credit be submitted to the Internal Revenue Service in any particular form. If a taxpayer submits to the Internal Revenue Service some sort of written instrument which informs the administrative agency that the taxpayer believes that he has been subjected to an erroneous or illegal tax exaction, and that he desires a refund or credit because of such action, this is sufficient. Cumberland Portland Cement Co. v. United States, 104 F.Supp. 1010, 1013–1014, 122 Ct.Cl. 580, 591–592 (1952); Stuart v. United States, 130 F.Supp. 386, 388–389, 131 Ct.Cl. 174, 179–181 (1955).

With respect to the point mentioned in the preceding paragraph, the plaintiffs contend in their brief that, under the circumstances of these cases, "the * * * Forms 870 filed by each of the plaintiffs were informal claims adequate to give notice to defendant's proper officers within the time allowed for the filing of claims * * *."

■ The Forms 870 referred to in the plaintiffs' brief were filed by the plaintiffs in both of these cases on May 25, 1962, which was before the deficiencies for 1958 were assessed against and paid by the plaintiffs. Those forms merely constituted waivers, pursuant to Section 6213(d) of the 1954 Code, of restrictions on the assessment and collection of deficiencies for 1958 (and certain other years not now in issue).[1] The Forms 870 did not contain any language which informed the Internal Revenue Service, either expressly or by clear implication, that the present plaintiffs proposed to contest the propriety of, and to seek a refund or credit respecting, any deficiency that might be assessed for 1958. Consequently, the Forms 870 which the present plaintiffs filed in May 1962 cannot be regarded as constituting "claims" for the purposes of Sections 6511(a) and 7422(a) of the 1954 Code.

This is so despite the circumstance that, as explained in subsequent paragraphs of this opinion, Internal Revenue Agent Ralph A. Prukop ("the revenue agent"), a representative of the Internal Revenue Service on the West Coast, was well aware at the time when the present plaintiffs filed the Forms 870 in May 1962 that the plaintiffs objected to any deficiency for 1958 being assessed against them.

Abraham Barenfeld and Charles Barenfeld were members of a group of 13 persons whose several interests in the Sam Berger Investment Company totaled 20% and who have been referred to in prior litigation as "the 20% group." Sometime before January 4, 1962, members of the 20% group learned that the Internal Revenue Service, which had been examining the income tax returns of Sam Berger, was taking the position that profits derived from sales of partnership interests in the Sam Berger Investment Company were taxable as ordinary income, rather than as capital gains. A majority of the 20% group (9 out of 13, the 9 being residents of the Los Angeles area and including Abraham and Charles Barenfeld) thereupon retained George T. Altman ("Mr. Altman"), a Los Angeles attorney, to represent them in connection with this matter.

Mr. Altman then had a conference on January 4, 1962, with the revenue agent. At this conference, the question of whether members of the 20% group realized capital gains or ordinary income in connection with sales of their respective interests in the Sam Berger Investment Company was treated as an issue that was common to all the members of the 20% group; and the common issue was discussed by Mr. Altman and the revenue agent on the basis that all the members of the 20% group should be treated alike with respect to the matter of taxability. It was the position of the revenue agent that the members of the

1. The plaintiffs had previously, by filing Forms 872, extended the period of limitations on assessments to June 30, 1962.

20% group had realized ordinary income from such sales, while Mr. Altman took the contrary position that profits from such sales constituted capital gains for the members of the 20% group.

After the conference of January 4, 1962, Mr. Altman had other contacts with the revenue agent (and with other representatives of the Internal Revenue Service). In all such contacts, the matter of the taxability of profits from sales of partnership interests in the Sam Berger Investment Company was discussed on the basis that it was an issue common to all the members of the 20% group. Furthermore, in all of his contacts with the revenue agent and with other representatives of the Internal Revenue Service, Mr. Altman consistently voiced objection to the IRS position that the profits in question were taxable as ordinary income, rather than as capital gains.

The discussions previously mentioned were background for the filing by the present plaintiffs of Forms 870 on May 25, 1962. Seven other members of the 20% group also filed Forms 870 on the same date. They were all clients of Mr. Altman, and they regarded the filing of the Forms 870 as a step toward testing the correctness of the revenue agent's determination that they had realized ordinary income, rather than capital gains, in connection with sales of their interests in the Sam Berger Investment Company.

It was Mr. Altman's plan to use the claim of Theodore Morse for the purpose of testing the correctness of the revenue agent's determination. To that end, Mr. Altman urged Theodore Morse to pay immediately the amounts of the deficiencies assessed against him and to file a claim for refund promptly thereafter.

Deficiencies were assessed against the members of the 20% group on the basis of a report prepared by the revenue agent under the date of June 7, 1962, and issued to each member of the 20% group. Theodore Morse paid his

additional taxes on July 7, 1962; he filed a claim for refund with respect to the year 1958 on August 7, 1962; and his claim was rejected on January 10, 1963. In December 1963, Mr. Altman filed a petition on behalf of Theodore Morse in this court (Ct.Cl. No. 350–63). In connection with the institution of the suit on behalf of Theodore Morse, Mr. Altman informed the attorney of record for the Government in that case that he (Mr. Altman) regarded the *Morse* case as being in the nature of a test case to determine the correctness of the determination by the Internal Revenue Service that members of the 20% group realized ordinary income, rather than capital gains, in connection with sales of their interests in the Sam Berger Investment Company.

At about the time in December 1963 when Mr. Altman filed the petition in this court on behalf of Theodore Morse, Mr. Altman advised his other clients among the 20% group that they should also prepare claims and file them with the Internal Revenue Service. Unfortunately for the present plaintiffs, they did not follow Mr. Altman's advice until March 12, 1965.

Perhaps the Internal Revenue Service, if it had made a careful study of all the circumstances previously outlined in this opinion, could have deduced prior to March 12, 1965, that the present plaintiffs desired to obtain refunds of the amounts which they had paid as deficiencies for the year 1958. However, the Internal Revenue Service is not required to weigh circumstantial evidence in order to determine whether a taxpayer is asking for a tax refund. *See* American Radiator & Standard Sanitary Corp. v. United States, 318 F.2d 915, 920, 162 Ct.Cl. 106, 114 (1963). As previously stated in this opinion, an informal claim must be in writing and it must be phrased with sufficient clarity to inform the Internal Revenue Service that the taxpayer desires a tax refund or credit for some specified reason indicating erroneous or illegal collection.

Furthermore, the filing by Theodore Morse with the Internal Revenue Service of a timely claim for refund with respect to 1958 did not relieve the present plaintiffs of the necessity of complying with Section 6511(a) of the 1954 Code by filing timely claims themselves, even though Theodore Morse was in precisely the same situation as the present plaintiffs with respect to the issue under consideration. Rosengarten v. United States, 181 F.Supp. 275, 279, 149 Ct. Cl. 287, 294 (1960), cert. denied, 364 U.S. 822, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960).

For the reasons previously stated in this opinion, the plaintiffs are not entitled to recover on their respective claims for the year 1958, which are time-barred, and the petitions should be dismissed as to such claims.