"This case for recovery of income taxes under 26 U.S.C. § 7422(a), Internal Revenue Code of 1954, comes before the court on cross-motions for summary judgment. There is no issue as to any material fact.
"These pro se plaintiffs assert an entitlement to $848.15 for retirement income credit (and an additional sum representing interest and costs) for the years 1969 through 1972. Plaintiffs first asserted their claim to the credit on January 15, 1977, which claim was denied as untimely by the Internal Revenue Service on February 1, 1977.
"Section 7422(a) of the Internal Revenue Code provides that no suit for the recovery of any income tax may be maintained in any court until a claim for refund has been *889 duly filed according to the provisions of law. Section 6511(a) specifies that claims for refund must be filed within 3 years from the time the returns are filed or 2 years from the time the tax is paid, whichever is later. No payments having been made after the filing of the four returns here in issue, the limitations periods ran from 3 years after the time of filing. Returns filed early are deemed filed on the last day prescribed for filing, section 6513(a), which was April 15 of each year following the tax years in question. Section 6072(a). Plaintiffs’ returns here were filed on January 6, 1970, January 14, 1972,[1] January 9, 1972, and January 24, 1973. Thus, the statute of limitations expired as to all four claims before plaintiffs’ letter of January 15, 1977.
"Plaintiffs argue that 'limitations periods normally in effect should be ignored in the judgment requested on the, basis that defendant’s instructions, in this instance, were misleading, unclear, and inadequate.’ This allegation is unfounded, but in any case the jurisdictional requirement of a timely claim for refund stands paramount. The I.R.S. may not waive this requirement, United States v. Garbutt Oil Co., 302 U.S. 528, 534, 535 (1938), but if it could, the court would not construe its letter to plaintiffs, informing them that they could file suit in district court or the Court of Claims, as such a waiver, the advice being merely informational.
"Plaintiffs argue, too, that information in the returns was sufficient to alert the Service of the plaintiffs’ right to the retirement income credit, and they claim the defendant was negligent in failing to detect the error when processing the returns. This court has held that the I.R.S. is not required to sift the information on returns, to see if the taxpayer might have a claim which is not stated. Kuehn v. United States, 202 Ct. Cl. 473, 478, 480 F. 2d 1319, 1322 (1973); Barenfeld v. United States, 194 Ct. Cl. 903, 912, 442 F. 2d 371, 375 (1971). This allegation by plaintiffs cannot *890 vitiate the statutory requirement of a timely claim for refund.
"IT IS THEREFORE ORDERED that defendant’s motion for summary judgment is granted, plaintiffs’ motion for summary judgment is denied, and the petition is dismissed.”

 There is some doubt that the return for 1970 was actually filed on January 9, 1972, the date stated on the return, since the return was due on April 15,1971, and I.R.S. records fail to indicate the return was delinquent. Yet this issue is immaterial, because even if the retprn is deemed to have been filed on January 14, 1972, the limitations period would have expired on January 14, 1975.