**Wanda SZPUNAR–LOJASIEWICZ,**
**Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,**
**Defendant.**

**No. 93–CV–6303L.**

United States District Court,
W.D. New York.

Nov. 30, 1994.

Wanda Szpunar–Lojasiewicz, pro se.

Steven E. Cole, U.S. Dept. of Justice, Tax Div., Washington, DC, Anne VanGraafeiland, Asst. U.S. Atty., Rochester, NY, for defendant.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Wanda Szpunar–Lojasiewicz, commenced this action against the Commissioner, Internal Revenue Service ("IRS"), to obtain a refund of Federal Insurance Contributions Act ("FICA") taxes in the amount of $3,745.31 which her employer allegedly withheld improperly and transmitted to the IRS.

The United States has moved for summary judgment on the ground that plaintiff's claim is time-barred pursuant to 26 U.S.C. § 6511. For the reasons discussed below, the Government's motion is granted and the complaint is dismissed.

### FACTUAL BACKGROUND

The following facts are not in dispute. Plaintiff was a non-resident alien employed by the Rochester Institute of Technology ("RIT"), at Rochester, New York during the period in question. RIT withheld FICA taxes from her pay during three quarters of calendar year 1985 and three quarters of calendar year 1986. This amounted to $1,786.83 in 1985 and $1,958.48 in 1986 (totalling $3,745.31). On approximately September ber 25, 1990 plaintiff filed a claim for refund which was received by the IRS. The Government contends that this notice was untimely under 26 U.S.C. § 6511 and, therefore, the claim must be denied. The Government does not dispute the fact that RIT should not have collected the taxes. Had plaintiff made a timely claim, the "IRS would have refunded the FICA tax since she was a J visa holder ... exempt from FICA tax." (Letter from Roslyn Owens, Problem Resolution Office, Buffalo, New York, Internal Revenue Service, dated June 14, 1993, attached to plaintiff's complaint.)

Plaintiff claims that prior to September 25, 1990, she had filed a claim for a refund with the IRS. She claims that this document was filed on or about March 25, 1989. As evidence of this filing, plaintiff has submitted a copy of the claim form, IRS Form 843, dated "3.25.89." The IRS denies ever receiving the claim and suggests that the purported "copy" may have been altered.

### DISCUSSION

*Standard for Summary Judgment*

A party is entitled to summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

█ *Some* alleged factual dispute will not suffice to defeat an otherwise proper motion for summary judgment *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Accordingly, the moving party may obtain summary judgment by showing that the nonmoving party has little or no evidence to support her case. *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1223–24 (2d Cir.1994). But in considering the motion, the court must

draw all reasonable inferences and resolve all ambiguities in favor of the nonmoving party. *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 517 (2d Cir.1994).

*Statute of Limitations For Tax Refunds*

The Internal Revenue Code provides a procedure for a taxpayer to recover a refund for taxes paid in error or paid in excess of the proper amount due. 26 U.S.C. § 6413(b). 28 U.S.C. § 1346(a) grants the United States District Court original jurisdiction over (1) "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected," provided that a claim for refund or credit has been duly filed first. 26 U.S.C. § 7422.

The process is not open-ended, however. A limitations period applies to claims such as plaintiff's. 26 U.S.C. § 6511(a) and (b) provide, in relevant part, as follows:

> **(a) Period of limitation on filing claim.** Claim for credit or refund of an overpayment of any tax imposed ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later ....
>
> **(b) Limitation on allowance of credits and refunds. (1) Filing of claim within prescribed period.** No credit or refund shall be allowed or made after the expiration of the period of limitation ... unless a claim for credit or refund is filed by the taxpayer within such period.

■■ Therefore, before an action may be commenced, the taxpayer must file a claim with the IRS for the disputed taxes. In plaintiff's case, she must have filed a claim within three years of the time the disputed tax return was filed. Since plaintiff disputes taxes collected in 1985 and 1986, a timely claim for the 1985 items must have been filed within three years after April 15, 1986, the date upon which taxes are legally deemed paid. 26 U.S.C. § 6513(c)(2). Likewise, for taxes improperly withheld during calendar year 1986, plaintiff was required to file a claim within three years of April 15, 1987. The claim filed on September 25, 1990 was filed more than three years after both the 1985 and 1986 taxes were paid and, therefore, the claim on its face is untimely.

■ The process by which a taxpayer may make a claim in federal court for refund of improperly withheld taxes amounts to a waiver of sovereign immunity. The corresponding statute of limitations must therefore be strictly construed. This Court "must be careful not to interpret it in a manner that would 'extend the waiver beyond that which Congress intended.'" *Block v. North Dakota ex rel. Board of University & School Lands*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955)).

While the Supreme Court has recognized that equitable tolling of statutes of limitation may apply in suits against the United States, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990), especially where a claimant has actively pursued a judicial remedy during the statutory period, or where a defendant has induced or tricked a plaintiff into missing a filing deadline, the Court has been "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984)).

■ In this case there is no evidence that would support equitable tolling of the statute of limitations. There is no evidence to support a claim that the IRS mislead or induced plaintiff to file a claim when she did. Although there apparently was some correspondence between plaintiff and the IRS prior to September 25, 1990, the evidence does not support an argument that the IRS deceived or mislead plaintiff.

*Plaintiff's Claims*

Plaintiff makes two contentions to support her claim. First of all, she asserts that she

did in fact file an earlier claim, dated March 25, 1989, which would have been timely. She claims to have circumstantial proof of the filing, that is, a copy of a claim form dated March 25, 1989. The IRS denies ever receiving that claim and it has filed a Certificate of Lack of Record, dated May 12, 1994, which asserts that no such claim was ever received.

■ Such a certification of no record is presumptively correct. *H.S. & H. Ltd. v. United States,* 18 Cl.Ct. 241, 246 (1989) (citing *Morowitz v. United States,* 15 Cl.Ct. 621 (1988); *Sun Oil Co. v. United States,* 572 F.2d 786, 805, 215 Ct.Cl. 716 (1978)). In a tax refund suit, the Commissioner's determination generally is deemed to be correct. *Morowitz,* 15 Cl.Ct. at 629 (citations omitted). To overcome this presumption, the taxpayer must present substantial evidence that the Commissioner's decision is erroneous. *Id.* (citations omitted).

■ This particular presumption is derived from the general, well-recognized presumption that official acts of public officers, in the absence of *clear evidence to the contrary,* are deemed properly discharged. *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926) (emphasis added) (citations omitted).

■ Furthermore, except for the possibility that plaintiff's actions constituted an "informal claim," which will be discussed *infra,* the only exceptions to the physical-delivery requirement of a tax refund claim are statutory. *See H.S. & H. Ltd.,* 18 Cl.Ct. at 246 (citing *Deutsch v. Commissioner,* 599 F.2d 44 (2d Cir.1979), *cert. denied,* 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980)); *see also Washton v. United States,* 13 F.3d 49 (2d Cir.1993). Plaintiff here does not meet any of those statutory exceptions. *See* 26 U.S.C. § 7502.

■ Therefore, since plaintiff has produced no evidence supporting her assertion that she filed a claim on March 25, 1989, the Court has no choice but to conclude that she did not.

■ In the alternative, plaintiff contends that if this Court rejects the March 25, 1989 notice, her prior correspondence with the IRS was tantamount to a notice of claim and constitutes an "informal" claim, sufficient to satisfy the statute of limitations. The Supreme Court and other courts have recognized the principle that such informal claims will satisfy the statute of limitations. The test is whether the IRS was fairly put on notice that the taxpayer was in fact making a claim for a refund.

In *United States v. Kales,* 314 U.S. 186, 194, 62 S.Ct. 214, 218, 86 L.Ed. 132 (1941), the Supreme Court recognized the principle:

> This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.

(citations omitted). Subsequent cases have further construed what constitutes an informal claim.

Although "no hard and fast rules can be applied," *Newton v. United States,* 163 F.Supp. 614, 619, 143 Ct.Cl. 293 (1958), the basic underlying principle is the necessity that the Commissioner be put on notice by some means that a refund is requested.

Courts have approved "informal" notices in connection with claims made pursuant to § 6511. In *Reich v. Dow Badische Co.,* 575 F.2d 363, 368–69 (2d Cir.1978), *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978), the Court held that a claim for refund under § 6511 may be informal, but it must be a written claim. Other cases have recognized the same principle, that is, that the "informal" claim cannot be oral but must be in writing. *Benenson v. United States,* 257 F.Supp. 101, 108 (S.D.N.Y.1966), *aff'd,* 385 F.2d 26 (2d Cir.1967); *Ritter v. United States,* 28 F.2d 265, 267 (3d Cir.1928); *Barenfeld v. United States,* 442 F.2d 371, 375, 194 Ct.Cl. 903 (1971); *American Radiator & Standard Sanitary Corp. v. United States,* 318 F.2d 915, 920, 162 Ct.Cl. 106 (1963).

■ It is clear that plaintiff did have some prior contact with the IRS regarding

her 1985–1986 FICA taxes. Plaintiff has produced a letter from the IRS dated January 21, 1988 in which the IRS advises that plaintiff may "resubmit" a claim for return of her FICA taxes with proper supporting documentation. But plaintiff does not allege or provide a copy of a Form 843 submitted prior to January 21, 1988. In fact, she alleges that she filed her *first* claim on March 25, 1989, and states in her response to the Government's motion that "On January 21, 1988 I was notified by IRS that I should seek a refund of my FICA tax for the period I had J–1 visa status." In her Complaint she phrased it this way: "I learned about the fact that I was exempt from FICA tax by a letter from IRS in January 1988." It is clear then that plaintiff's actions before that date could not have constituted a written request for a refund. There is no evidence that plaintiff ever submitted any writing to the IRS that might qualify as an "informal" claim. The Court must, therefore, conclude that no claim, formal or informal, preceded the IRS' letter of January 21, 1988.

Additionally, plaintiff presents a letter dated November 18, 1988 written to her by the IRS which refers to a letter from plaintiff dated November 7, 1988, allegedly concerning her Form 1040 for tax year 1986. The IRS letter indicates that a more complete response would be forthcoming in 60 days. Plaintiff not only has not produced that "response," but plaintiff has also not produced her letter of November 7, 1988. In any event, the IRS' response indicates that plaintiff's inquiry concerned Form 1040 matters and not FICA matters. Again, therefore, the Court must conclude that plaintiff has produced no evidence to suggest that the IRS was on written notice that she was intending to make a claim for improperly collected FICA taxes.

## CONCLUSION

Defendant's motion for summary judgment is granted and the complaint is dismissed.

IT IS SO ORDERED.