NIGHT HAWK LEASING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34087, 45273, 46248. Promulgated March 13, 1930.

*T. O. McGrath, Esq.*, for the petitioner.

*Maxwell E. MacDowell, Esq.*, and *Frank B. Schlosser, Esq.*, for the respondent.

260

OPINION.

BLACK: The petitioner, during the years under consideration, was mining copper on two adjoining leased properties known as the

Night Hawk Lease and the Fraction No. 1 Lease. The latter claim was operated under a lease which it had obtained from the Phelps Dodge Corporation in 1919, which provided for a specific royalty as the copper was removed, but required no other acquisition cost, advance royalty or bonus. The known March 1, 1913, copper value allowable to the Phelps Dodge Corporation on Fraction No. 1 Lease had been established for depletion purposes at 4.11 cents per pound. Late in 1922 the petitioner entered into an oral agreement with its lessor that for the purpose of their future tax returns this depletion rate of 4.11 cents per pound was to be apportioned 3 cents to the petitioner and 1.11 cents to the lessor. This agreement was confirmed by letter dated December 13, 1922, signed by the Phelps Dodge Corporation. The respondent has disallowed this 3 cents depletion allowance for the years under consideration.

The petitioner is contending that this agreed division of the depletion is an equitable apportionment between the lessor and the lessee, in accordance with the provisions of section 234(a)(9) of the Revenue Act of 1921 and section 234(a)(8) of the Revenue Acts of 1924 and 1926, and it further contends that in the event that the Board fails to allow this deduction, it asks for alternative relief through a redetermination of the discovery value allowed on the adjoining Night Hawk claim, which claim is partly on the Night Hawk and partly on the Fraction No. 1 claim, so as to include the total production from this ore deposit instead of the production from that part of the deposit on the Night Hawk claim only. The essence of the statutory provisions relating to depletion is that the owner of mineral deposits, whether freehold or leasehold, shall within the limitations prescribed secure through an aggregate of annual depletion and depreciation deductions the return of either the cost of his property or the value of his property on the basic date plus, in either case, subsequent allowable capital additions.

The allowance of depletion is inherently a deduction utilized in determining the profit from the production and sale of an exhausting natural resource. In *United States* v. *Charles A. Ludey*, 274 U. S. 295, the deduction was described as follows:

The depletion charge permitted as a deduction from the gross income in determining the taxable income of mines for any year represents the reduction in the mineral contents of the reserves from which the product is taken. The reserves are recognized as wasting assets. The depletion effected by operation is likened to the using up of raw material in making the product of a manufacturing establishment. As the cost of the raw material must be deducted from the gross income before the net income can be determined, so the estimated cost of the part of the reserve used up is allowed.

Mr. Justice Brandeis, in delivering the opinion of the court in the above case, further says:

The proviso limiting the amount of the deduction for depletion to the amount of the capital invested shows that the deduction is to be regarded as a return of capital, not as a special bonus for enterprise and willingness to assume risks.

Again, he says:

In essence the deduction for depletion does not differ from the deduction for depreciation.

In the instant case the petitioner acquired the Fraction No. 1 Lease without cost and all the development costs were either expense and allowed as cost of production in the years incurred or capitalized by way of increased value in the company's adjoining main lease, known as the Night Hawk. Since these development costs have been properly amortized against the production to the taxpayer, we fail to find where the petitioner has any capital to be returned to it through a depletion allowance, and accordingly are of the opinion that the respondent's disallowance of depletion for the years under consideration should be approved. Cf. case of *A. C. F. Gasoline Co.*, 6 B. T. A. 1337, in which we said:

The second issue relates to depletion or exhaustion, if any, to be allowed the petitioner. To us it appears that this is the ordinary situation of a contract without bonus for the payment of royalties, made after March 1, 1913. * * * The allowance for depletion or exhaustion is measured by the cost, where property is acquired by purchase, lease, or contract, after March 1, 1913. The petitioners have no cost other than the royalty payments and are entitled to deduct only such payments. The petitioner is entitled to no deduction by reason of the depletion or exhaustion of the value of the contract.

The provisions of the statute for apportionment of the deduction for depletion between lessor and lessee have reference to situations other than that which is now before us.

The provisions of the law with respect to a discovery value are clear and unambiguous. Such discovery can only be predicated upon the determination for the first time of metal and metal value materially different from that already known to exist. It appears that the amount of ore in Fraction No. 1 Lease had been, even on March 1, 1913, known with reasonable accuracy and that the owner of the tract had been allowed a basic value on the mineral at 4.11 cents per pound and subsequent to its leasing the tract to petitioner it advised petitioner that it did not wish this rate disturbed. No showing has been made as to petitioner's statement of the mineral content in the lease when entered into in 1919, nor has any evidence been adduced to show the actual discovery or determination of a materially increased content in the lease as the result of later operations. Accordingly, we are of the opinion that the petitioner's alternative contention should be denied.

*Judgment will be entered for the respondent.*