## NIGHT HAWK LEASING CO. v. UNITED STATES.

### No. 42878.

Court of Claims.
April 5, 1937.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The only question in this case is whether the formal refund claim for 1928 and 1929 filed by plaintiff October 31, 1932, can be held to have been a perfection of informal claims filed by plaintiff with the collector shortly after June 26, 1930. The informal claims were written on the backs of the two checks executed on that date, payable to and delivered to the Collector of Internal Revenue, as follows: "This check is accepted as paid under protest pending final decision of the higher courts."

We are of opinion that when these informal claims are considered in the light of the facts and the circumstances existing at the time, the formal refund claim filed October 31, 1932, was but a perfection of the informal claims written by plaintiff on the backs of the checks delivered to the collector in June, 1930. The collector accepted these checks on the conditions specified and indorsed his name immediately under the written claim of plaintiff that the tax therein specified was being accepted pending final decision of the higher courts.

Refund claims, whether formal or informal, are not required to be filed with the Commissioner. A claim that would be good if filed with and accepted by the Commissioner is good if filed with and accepted by the collector. The fact that the collector may have been negligent in preserving the same in his records, or forwarding the same to the Commissioner or advising the Commissioner of the contents thereof, does not render the claim void or ineffectual. A written document constituting a demand for the return on a proper ground of the money paid, when accepted as such by the collector, is sufficient to constitute an informal claim for refund subject to completion and perfection at a later date if not previously acted upon by the Commissioner. The fact that the Commissioner did not receive from the collector the taxpayer's demand for the return of the amount paid upon the condition specified and accepted by the collector should not prejudice the taxpayer's right later to perfect such demand by formal claim. The collector knew when he received and accepted the checks and cashed them that

George E. H. Goodner, of Washington, D. C., for plaintiff.

J. W. Blalock, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

the taxpayer was thereby filing claims for refund of such tax based upon its claim then pending in the court that the taxes for 1928 and 1929 were not due. Prior to the payment of the additional tax here involved for 1928 and 1929 the Commissioner had determined deficiencies for the years 1923 to 1927, inclusive, by the denial of deductions which gave rise to the additional taxes paid for 1928 and 1929 and had notified the taxpayer thereof by letter. In reply thereto the plaintiff advised the Commissioner that it was taking the questions before the United States Board of Tax Appeals and called his attention to the fact that the same dispute was involved in the tax liability for 1928 and 1929.

Prior to the time the taxes of 1928 and 1929 were paid, on condition that they were accepted pending final decision of the Court of Appeals of the District of Columbia, to which the case for other years was then being taken, plaintiff had advised the Commissioner that it had ceased operations and that its cash funds were being held in the bank pending final settlement of its income-tax problems for the years 1923 to 1929, inclusive, before closing out its accounts with the stockholders.

On March 13, 1930, the Board of Tax Appeals decided against the plaintiff, Night Hawk Leasing Co. v. Commissioner, 19 B.T.A. 258, with respect to its tax liability for the years 1923 to 1927, inclusive, which years involved the same questions upon which the informal demands for the return of the tax paid for 1928 and 1929 were based. Immediately thereafter plaintiff took an appeal from the decision of the Board to the Circuit Court of Appeals for the District of Columbia and that court, in March 1932, reversed the decision of the Board and held that plaintiff was entitled to the deductions claimed. That decision became final and on October 19, 1932, the Commissioner mailed plaintiff refund checks for the overpayments for 1923 to 1927, inclusive. Thereupon, plaintiff called the Commissioner's attention to a formal claim for refund for 1928 and 1929 perfecting its timely informal claims made to the collector shortly after June 26, 1930. The Commissioner refused to refund the overpayments for 1928 and 1929 and rejected plaintiff's claim.

We are of opinion, under the facts and circumstances of this case, that the claims filed were sufficient for allowance of the refunds of the overpayments for 1928 and 1929 and, having been rejected by the Commissioner, that plaintiff is entitled in this proceeding to recover the overpayments with interest. Judgment will be entered in favor of plaintiff for $6,787.66 with interest as provided by law. It is so ordered.