## NEILSON v. HARRISON, Collector of Internal Revenue.

### No. 8006.

Circuit Court of Appeals, Seventh Circuit.

Nov. 5, 1942.

---

[7] See S. Rep. No. 2156, 74th Cong., 2nd Sess., p. 18.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss and Carolyn E. Agger, Sp. Assts. to the Atty. Gen., and J. Albert Woll, U. S. Atty., of Chicago, Ill., for appellant.

I. N. Nelson, of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

We are asked to decide whether a certain document sent to the Commissioner of Internal Revenue by the taxpayer constituted an informal claim for unrefund, and if so, whether such a claim if rejected may be amended effectively after the expiration of the statutory period for filing claims for refund.

It is undisputed that the taxpayer, in the payment of her 1932 income tax, overpaid the Government in the sum of $12,183.93.

In her 1932 income tax return, the taxpayer claimed a deduction of $20,558.05[1] for charitable contributions, this sum representing fifteen per cent of the net income shown in the return before the deduction of the charitable contributions.

On October 17, 1934, the Internal Revenue Agent in Charge disallowed this deduction on the theory that certain capital losses shown in the return should have been deducted from the ordinary net income before the deduction for charitable contributions was made, and that the fifteen per cent limitation should have been computed upon the ordinary net income less capital losses. Under this theory, the taxpayer was entitled to no charitable deduction, because she had no net income in excess of her capital losses. Whether the agent's theory was correct was a question involved in much doubt at the time he made his computation.

On October 31, 1934, taxpayer filed a written protest, objecting to the disallowance of the charitable deduction, but the protest was denied. On review, the Commissioner in 1936 also refused to allow the charitable deduction. Two conferences between the Bureau's representatives and the taxpayer's representative failed to result in an allowance of the charitable deduction.

In June, 1936 the taxpayer executed a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax," and forwarded it to the Commissioner. Under Section 272(d) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 558, such a waiver enabled the Commissioner to disregard the provisions of Section 272(a) of the same Act, which authorized the Commissioner to send a notice of deficiency to the taxpayer and prohibited the assessment of a deficiency until the expiration of a period of sixty days from the time the notice was mailed.

However, in this case the taxpayer did not execute the usual unconditional waiver. Attached to the waiver was a condition expressed in the following language:

"This Waiver is signed with the distinct understanding that if the basis of computing charitable contributions when a capital loss is involved is at any time changed by a decision of the Supreme Court, or by change in your regulations, that this taxpayer will have the right to have the income revised in conformity with such change in your rulings or court decision, and by reason thereof this letter is hereby made a part of said Waiver."

In two payments, one in January, 1935, and the other in July, 1936, the taxpayer paid the alleged deficiency.

Following the decision in United States v. Pleasants, 1939, 305 U.S. 357, 59 S.Ct. 281, 83 L.Ed. 217, which held that deductions for charitable contributions should be computed upon the basis of ordinary net income without regard to capital losses, taxpayer's

---

[1] The taxpayer's total charitable contributions during 1932 amounted to $80,-794.52, but in accordance with the fifteen per cent limitation contained in Section 23(n) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 491, a deduction of only fifteen per cent of her income was claimed.

representative immediately requested the Commissioner to recompute the taxpayer's 1932 tax liability. Upon the refusal of the Commissioner so to do, the taxpayer filed a formal claim for refund,[2] which was rejected. Taxpayer then brought this action in the District Court and was successful. From the judgment of the District Court, the Collector has appealed.

■ The Collector contends first that an informal claim for refund may not be perfected by an amendment filed after the statute of limitations has run.[3] This is not the first time that the Government has made such a contention. In the recent case of United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132, this precise question was not presented,[4] but the court made the following observation, which shows the result of the Government's contention in previous cases. The court at page 194 of 314 U.S., at page 218 of 62 S.Ct. said:

"This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Factors' & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; Bemis Bro. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011; Moore

Ice Cream Co. v. Rose, 289 U.S. 373, 384, 53 S.Ct. 620, 624, 77 L.Ed. 1265."

In addition to the cases cited by the court in the Kales Case, see Jones v. United States, 5 F.Supp. 146, 150, 78 Ct.Cl. 549; Night Hawk Leasing Co. v. United States, 18 F.Supp. 938, 84 Ct.Cl. 596; Hoyt v. United States, 21 F.Supp. 353, 86 Ct.Cl. 19.

The Collector contends, however, that the cases we have cited were decided under regulations other than Regulation 77,[5] which applies to the Revenue Act of 1932, and points to the following sentence contained in Regulation 77:

"A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund."

■■ This sentence may perhaps mean no more than that the Commissioner will reject an informal or imperfect claim. But assuming that the sentence should be construed to mean that an informal claim may not be amended after the statute of limitations has run, and assuming that such a provision would be effective, yet the Commissioner has the power to waive the protection of such a provision. United States v. Kales, supra, 314 U.S. 197, 62 S.Ct. 214, 86 L.Ed. 132; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619; Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253. As the court said in the Memphis Cotton case [288 U.S. 62, 53 S.Ct. 281, 77 L.Ed. 619],

"The line of division must be kept a sharp one between the function of a statute requiring the presentation of a claim

[2] Treasury Regulation 77, promulgated under the Revenue Act of 1932 provided:

"Art. 1254. Claims for refund by taxpayers.—Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843, and should be filed with the collector of internal revenue. A separate claim on such form shall be made for each taxable year or period.

"The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not

comply with this paragraph will not be considered for any purpose as a claim for refund. With respect to limitations upon the refunding or crediting of taxes, see article 1257. * * *"

[3] Revenue Act of 1932, c. 209, 47 Stat. 169, 242, 26 U.S.C.A. Int.Rev.Acts, page 571, provided:

"§ 322. Refunds and Credits
"(a) * * *
"(b) Limitation on Allowance—
"(1) Period of limitation. No such credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

[4] Treasury Decision 4266 expressly permitted the amendment made in the Kales case.

[5] Supra, note 1.

within a given period of time, and the function of a regulation making provision as to form. The function of the statute, like that of limitations generally, is to give protection against stale demands. The function of the regulation is to facilitate research. The Commissioner has the remedy in his own hands if the claim as presented is so indefinite as to cause embarrassment to him or to others in his Bureau. He may disallow the claim promptly for a departure from the rule. If, however, he holds it without action until the form has been corrected, * * * what is before him is not a double claim, but a claim single and indivisible, the new indissolubly welded into the structure of the old."

As we have noted, the taxpayer did not file an unconditional waiver, but rather a conditional waiver. The Commissioner, by proceeding in disregard of Section 272(a), accepted the waiver as conditioned. He voluntarily considered the attached condition, and in so doing he waived the protection of the regulation, if the condition constituted an informal claim.

We come then to the Collector's second contention: that the condition attached to the waiver was not an informal claim. It is suggested that the condition contains not a claim but merely an expression of taxpayer's intention to file a claim in the future upon the happening of certain contingencies. We do not so construe it. The condition advised the Commissioner of the right upon which the taxpayer relied, and stated that if certain events happened, the taxpayer expected to have this right recognized. The question is similar to that presented in United States v. Kales, supra, wherein the taxpayer included in a protest a notice that if a certain prior assessment was reopened, she would insist that the former assessment was erroneous and that she was entitled to relief therefrom.

■ Here, as in the Kales case, supra, 314 U.S. 194, 62 S.Ct. 218, 86 L.Ed. 132 "* * * it is necessary to read the [condition] * * * in the light of the peculiar circumstances then well known to the Commissioner." The "peculiar circumstances" in this case include not only the discussions between the Bureau representatives and taxpayer's representative relative to the charitable deduction, but also the more important facts that the question involved was steeped in much doubt,[6] and it was very likely that the question would soon be resolved by a decision of the Supreme Court of the United States. In the words of the Supreme Court in the Kales case, supra, 314 U.S. 195, 62 S.Ct. 218, 86 L.Ed. 132, "* * * the Commissioner could have been left in no doubt that she was setting forth her right to a refund in the event * * *" that proper authorities recognized the correctness of her position.

■ We may also consider how the parties construed the condition. Certain it is that the taxpayer considered it a claim. After the decision in United States v. Pleasants, supra, the taxpayer did not at first file a claim, but immediately she requested a recomputation of her 1932 tax liability. Surely the taxpayer and her representative were not so ignorant of the law as to suppose that the Commissioner would seriously regard such a request after the statute of limitations had run, if a claim had not been timely filed.

How, then, did the Commissioner regard the condition? If he considered it to be an informal claim for refund, we believe he promptly should have rejected it and should have notified the taxpayer that he would not accept a conditional waiver. If a proper waiver was not then executed, he should have proceeded in accordance with the provisions of Section 272(a). If the waiver was not accepted, the taxpayer could have protected her rights by appealing to the United States Board of Tax Appeals (now known as the Tax Court of the United States). If the Commissioner considered the condition to be an informal claim which would protect the rights of the taxpayer, and accepted it as such, he may not have acted wisely, but at least he acted fairly.

■ If, however, the Commissioner, knowing that the taxpayer relied on the condition, but believing that it was of no legal effect, accepted the conditional waiver and thereby instilled in the taxpayer a sense of security, the effect was to ensnare the unsuspecting taxpayer. "The statute and the regulations must be read in the light of their purpose. They are devised, not

---

[6] See Hallie D. Elkins v. Commissioner, 24 B.T.A. 572; Internal Revenue Tax Unit Ruling, I. T. No. 2104, contained in Int.Rev.Cum.Bull. III-2, p. 152; Mimeograph 3931, Int.Rev.Cum.Bull. XI-1, p. 33; Mimeograph 3986, Int.Rev.Cum. Bull. XI-2, p. 29; Assistant General Counsel's Memorandum 14030, Int.Rev. Cum.Bull. XIII-2, p. 135.

as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." Tucker v. Alexander, supra, 275 U.S. page 231, 48 S.Ct. page 46, 72 L.Ed. 253. We conclude that both parties treated the condition as an informal claim.

But, the Collector argues, to hold that the condition constituted an informal claim would cast an intolerable burden upon the Bureau. The Bureau is divided into sections, and the section which considers waivers does not consider claims, and vice versa. Yet, we fail to see that a condition attached to a waiver is entitled to less weight than a paragraph in a protest, or a few lines inscribed on the back of a check, each of which respectively was held to be an informal claim in United States v. Kales, supra, and Night Hawk Leasing Co. v. United States, supra.

Moreover, when the Government raised a similar claim in Bemis Bro. Bag Co. v. United States, 289 U.S. 28, 35, 53 S.Ct. 454, 457, 77 L.Ed. 1011, the court said:

"The brief for the government describes the division of functions between one section and another of the Bureau of Internal Revenue. * * * There may be need to take the case out of one section and transfer it to another before revision will be complete. All this is quite irrelevant when once a wrong is brought to light. There can be no stopping after that until justice has been done."

The Collector argues, also, that to allow the condition to be perfected by a formal claim filed after the statute has run would defeat the purpose of the statute of limitations. In answer, we refer again to the quotation from the Memphis Cotton case, supra. If the Commissioner had rejected the informal claim, it could not have been amended after the statute of limitations had run. Mutual Life Ins. Co. of New York v. United States, 49 F.2d 662, 664, 72 Ct.Cl. 204.

For the reasons herein given and upon the authorities cited, we hold that the condition attached to the waiver was an informal claim; and that since no new cause of action was introduced by the formal claim, the informal claim was amended and perfected by the formal claim, which related back to the time the informal claim was filed.

The judgment of the District Court is affirmed.