## EHRMAN v. UNITED STATES.
No. 28677.

United States District Court
N. D. California, S. D.
Aug. 10, 1949.

J. Delmore Lederman, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, San Francisco, Cal., for defendant.

SWEENEY, District Judge.

The government has filed a motion to dismiss this complaint for the recovery of income taxes on the ground that the action is barred by the applicable Statute of Limitations.

The complaint discloses that on June 18, 1944, the plaintiff paid to the Collector of Internal Revenue at San Francisco, California, the sum of $1,164.40, alleged by the government to be the tax properly due on certain stock transactions. The plaintiff did not acquiesce in the government's contention that the tax was owed but at all times denied the right of the taxing authorities to legally levy this tax. Nevertheless, the plaintiff did not file his first claim for refund with the Commissioner of Internal Revenue until July 9, 1947 which was a little more than three years after payment of the tax. During this period, the plaintiff had not abandoned his rights but he did nothing to preserve them. He was closely following an action initiated on October 23, 1944 in the Tax Court in which plaintiff's counsel was contesting his own personal liability for an assessment based upon the same stock transaction. That action was eventually decided against the government and would be a great weight in deciding this case, if not controlling, unless it is subject to dismissal for lack of the court's jurisdiction.

With relation to suits for refund of income taxes, Sec. 3772(a) (1) the Internal Revenue Code provides as follows: "No suit or proceeding shall be maintained in any court for recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C.A. § 3772.

With relation to the limitation brought for seeking refunds for credits for tax payments alleged to have been improperly assessed and collected, Sec. 322(b) (1) provides: "Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *" 26 U.S.C.A. § 322.

The plaintiff erroneously assumed he had four years from the date of his tax payment to file his claim for tax refund under Sec. 3313 of the Internal Revenue Code, 26 U.S.C.A. § 3313, and so stated on his claim. This assumption was undoubtedly based upon many lower court decisions which at that time seemed to be sound authority. However, the Supreme Court has since overruled all of these authorities and the plaintiff's erroneous conception of the proper time for filing his claim for income tax refund has been laid to rest by the Supreme Court of the United States in Jones, Collector v. Liberty Glass Company, 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 and Kavanagh, Collector v. Noble, 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150. In the former case, the court after discussing the legislative histories of Sec. 3313 and 322(b) (1) and the confusion of the lower courts in their proper application, pointed to the general plan of the Internal Revenue Code to provide separate treatment for income, profit, estate and gift taxes as distinguished from the miscellaneous taxes and excise, import and temporary taxes. The decision rejected the contention that the longer four-year

statute was applicable to income tax refunds and stated, 332 U.S. on page 534, 68 S.Ct. on page 234, 92 L.Ed. 142: "We accordingly conclude that all income tax refund claims, whatever the reasons giving rise to the claims, must be filed within three years from the time the return was filed or within two years from the time the tax was paid."

This clearly over-rides all prior cases to the contrary and is decisive here.

■ The complaint is in four counts, the first of which has been treated above. The second count is stated as an action for debt at the special request of the defendant. The third count is for money had and received and the fourth is based on the theory of unjust enrichment. These counts are four different ways of stating the same claim and I am of the opinion that they are all governed by the same rules as to refunds, credits and suits. In other words, they are all barred by Sec. 3772(a) (1) and Sec. 322(b) (1) of the Internal Revenue Code. This was an income tax which was paid and must be treated as such. To attempt to recover it by calling it something else is fruitless.

■ Nor can we adopt the plaintiff's other suggestion that the filing by the plaintiff's lawyer of his own class suit in the tax court in which the name of this defendant appeared was a claim by this plaintiff for a refund of a tax improperly and illegally assessed and collected. Treasury Regulations 103, Section 19. 322-3 provides as follows:

"Claims for refund by taxpayers.— Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843 and should be filed with the collector of internal revenue. A separate claim on such form shall be made for each taxable year or period.

"The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund. * * *"

Night Hawk Leasing Company v. U. S., 18 F.Supp. 938, 84 Ct.Cl. 596, is authority for the proposition that this regulation might be waived and a more informal demand accepted but in the absence of a showing of a waiver it must be strictly followed.

### Conclusions of Law

From the foregoing I conclude and rule that this action is barred by the plaintiff's failure to comply with the provision of the Internal Revenue Code as shown above and as a result this court lacks jurisdiction to entertain the action. The action *is* dismissed.