Kerry Lynn **EDWARDS**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 09–514 T.

United States Court of Federal Claims.

March 31, 2010.

Kerry Lynn Edwards, Port Haywood, VA, pro se.

Shelley D. de Alth, Washington, DC, with whom were Steven I. Frahm, Chief, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, and John A. DiCicco, Acting Assistant Attorney General, Tax Division, United States Department of Justice, Washington, DC, for defendant.

1. The facts described in this Opinion are taken from plaintiff's Complaint (Compl.), including the attachments to plaintiff's Complaint (plaintiff's Appendix or Pl.'s App.), as supplemented by the Appendix (defendant's Appendix or Def.'s App.) to defendant's Motion of the United States to Dismiss the Complaint and Brief for the United States in Support of Its Motion to Dismiss the Complaint (defendant's Motion or Def.'s Mot.) and the attachments (plaintiff's Second Appendix or Pl.'s App.2d) to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint (plaintiff's Response or Pl.'s Resp.).

*OPINION AND ORDER*

HEWITT, Chief Judge.

Before the court are plaintiff's Complaint (Compl.), together with attachments to plaintiff's Complaint (plaintiff's Appendix or Pl.'s App.); defendant's Motion of the United States to Dismiss the Complaint and Brief for the United States in Support of Its Motion to Dismiss the Complaint (defendant's Motion or Def.'s Mot.), together with the Appendix of the United States to Dismiss the Complaint (defendant's Appendix or Def.'s App.); Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint (plaintiff's Response or Pl.'s Resp.), together with attachments to plaintiff's Response (plaintiff's Second Appendix or Pl.'s App.2d); and defendant's Reply Brief for the United States in Support of Its Motion to Dismiss the Complaint (defendant's Reply or Def.'s Reply).

I. Background [1]

Plaintiff Kerry Lynn Edwards filed suit in the United States Court of Federal Claims (Court of Federal Claims) on August 5, 2009, claiming that "the United States owes her $79,761.00 [2] in overpayments of federal taxes made by [p]laintiff to the U.S. Treasury, for which [p]laintiff has sought refunds, which refund claims were improperly denied by the United States." Compl. ¶ 2. The tax years at issue are 1998, 1999, 2000 and 2001. *See* Compl. ¶¶ 3, 5, 7, 9. Plaintiff asserts that she made an "informal claim" for refund by filing Form 4868, "Application for Automatic Extension of Time To File U.S. Individual Income Tax Return," with the Internal Revenue Service (IRS) on April 15th of each year following the applicable tax year.[3] Compl.

2. At the end of her Complaint, plaintiff requests judgment in the amount of $80,061. Compl. 4. The government asserts that "$79,761 is the correct amount of plaintiff's total overpayments for the 1998–2001 tax years." Def.'s Mot. 10 n.13. The $300 discrepancy arises from plaintiff's refund claim for the 2001 tax year. *Id.; see also infra* note 5.

3. Plaintiff provides incorrect years for her filing of Forms 4868 for the 1998, 1999 and 2000 tax years, but the Internal Revenue Service (IRS) record shows that the forms were, in fact, filed in the appropriate years. *See* Compl. ¶¶ 3, 5, 7; Def.'s App. A–2, A–8, A–12; *see also* Def.'s Mot. 5

¶¶ 3, 5, 7, 9; Pl.'s Resp. 5–6; Pl.'s App.2d 1–3. Ms. Edwards also claims that these timely informal claims along with "other submissions" tolled the statute of limitations and that the Forms 1040, "U.S. Individual Income Tax Return," for each tax year 1998–2001 that she filed with the IRS on June 22, 2007 constituted "formal claims" for refund remedying any defects in the informal claims. Compl. ¶¶ 3, 5, 7, 9. Ms. Edwards states that "[c]opies of the claims for refund" are attached to her Complaint. Compl. ¶ 10. Plaintiff attached her Forms 1040 for 1998–2001 to her Complaint with no supporting schedules or additional documents. *See* Pl.'s App. 1–8. Forms 4868 for 1999, 2001, and 2002 are attached to plaintiff's Response. *See* Pl.'s App.2d 1–3.

For the tax year ending December 31, 1998, plaintiff claims a refund due in the amount of $19,705. Compl. ¶ 3. For the 1998 tax year, Ms. Edwards made four estimated tax payments, totaling $110,000. Def.'s App. A–2. On her Form 4868 filed on April 15, 1999, Ms. Edwards estimated her total tax liability as $130,000, claimed that she had paid $100,000, and included a check for $30,000 payable to the United States Treasury. Def.'s App. A–49. Ms. Edwards did not file her 1998 tax return, Form 1040, until June 22, 2007. Pl.'s App. 1–2. On her 1998 return, Ms. Edwards claimed an overpayment of $19,705, once her $140,371 in payments were applied, and requested that the overpayment amount be applied to her 1999 estimated tax liability. Pl.'s App. 1–2.

For the tax year ending December 31, 1999, plaintiff claims a refund due in the amount of $30,578. Compl. ¶ 5. For the 1999 tax year, Ms. Edwards made four estimated tax payments, totaling $140,000. Def.'s App. A–8. On her Form 4868 filed on April 15, 2000, *see* Def.'s App. A–8 ("extension of time

to file" entry), Ms. Edwards estimated her total tax liability as $125,000, claimed that she had paid $140,000, and noted a balance of "<[ $ ] 15,000>." Pl.'s App.2d 1. Ms. Edwards did not file her 1999 tax return until June 22, 2007. Pl.'s App. 3–4. On her 1999 return, Ms. Edwards claimed an overpayment of $50,283, once her $160,684 in payments were applied (including the $19,705 credit from her 1998 return), and requested that the cumulative overpayment amount be applied to her 2000 estimated tax liability. Pl.'s App. 3–4.

For the tax year ending December 31, 2000, plaintiff claims a refund due in the amount of $16,000. Compl. ¶ 7. For the 2000 tax year, Ms. Edwards made four estimated tax payments, totaling $138,000. Def.'s App. A–12. With her Form 4868 filed on April 15, 2001, Ms. Edwards included a payment of $7,000.[4] *See* Def.'s App. A–12. Ms. Edwards did not file her 2000 tax return until June 22, 2007. Pl.'s App. 5–6. On her 2000 return, Ms. Edwards claimed an overpayment of $66,283, once her $195,674 in payments were applied (including the $50,283 credit from her 1999 return), and requested that the cumulative overpayment amount be applied to her 2001 estimated tax liability. Pl.'s App. 5–6.

For the tax year ending December 31, 2001, plaintiff claims a refund due in the amount of $13,778.[5] Compl. ¶ 9. For the 2001 tax year, Ms. Edwards made four estimated tax payments, totaling $104,500. Def.'s App. A–16. On her Form 4868 filed on April 15, 2002, *see* Def.'s App. A–16 ("extension of time to file" entry), Ms. Edwards estimated her total tax liability as $110,000, claimed that she had paid $162,000, and noted a balance of "<[$] 52,000> OP." Pl.'s App.2d 2. Ms. Edwards did not file her 2001 tax return until June 22, 2007. Pl.'s App. 7–8. On her 2001 return, Ms. Edwards claimed

---

n.4, 6 n.8, 7 n.10 (explaining the date discrepancies).

4. Neither plaintiff nor defendant has provided the 2000 Form 4868. Defendant has, however, included in its Appendix Form 4340, "Certificate of Assessments, Payments and Other Specified Matters for Kerry Lynn Edwards ... for the tax period ending December 31, 2000." Def.'s App. A–11. This form documents the filing of an "extension of time to file" and "subsequent pay-

ment" of $7,000 on April 15, 2001. Def.'s App. A–12.

5. Defendant asserts that plaintiff should have claimed a refund of $13,478 rather than $13,778 for tax year 2001. Def.'s Mot. 9. Subtracting the $66,283 credit from the 2000 tax return from the $79,761 refund claimed on plaintiff's 2001 tax return yields $13,478—the defendant's figure—as the overpayment amount for tax year 2001. *See id.*

an overpayment of $79,761, once her $171,134 in payments were applied (including the $66,283 credit from her 2000 return), and requested that the cumulative overpayment amount be applied to her 2002 estimated tax liability. Pl.'s App. 7–8.

The IRS sent Ms. Edwards a letter dated September 6, 2007 denying her claim for a refund of $19,705 for tax year 1998. Def.'s App. A–54 to –59. Plaintiff filed suit in the Court of Federal Claims on August 5, 2009.[6] Compl. 1.

## II. Legal Standards

### A. Jurisdiction under the Tucker Act and Internal Revenue Code

 The Tucker Act, 28 U.S.C. § 1491(a)(1), grants the Court of Federal Claims jurisdiction to hear certain monetary claims against the United States government. 28 U.S.C. § 1491(a)(1) (2006) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department...").[7] The Tucker Act is a jurisdictional statute that "does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), but merely confers jurisdiction when such a right is conferred elsewhere, *United States v. White Mountain Apache Tribe (White Mountain)*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003). When the source of such an alleged right is a statute, the statute can only support jurisdiction if it qualifies as money mandating. *White Mountain*, 537

U.S. at 473, 123 S.Ct. 1126. A statute is money mandating only if it "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), or the statute is "reasonably amenable to the reading that it mandates a right of recovery in damages" such that "a fair inference" can be made that "the premise to a Tucker Act claim" exists, *White Mountain*, 537 U.S. at 473, 123 S.Ct. 1126. *See Fisher v. United States*, 402 F.3d 1167, 1173–74 (Fed.Cir.2005).

Section 7422(a) of the Internal Revenue Code (I.R.C.), 26 U.S.C. § 7422(a), provides a specific waiver of sovereign immunity that permits suit for a tax refund. *Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed.Cir.1994) (citing *United States v. Michel*, 282 U.S. 656, 658, 51 S.Ct. 284, 75 L.Ed. 598 (1931)). The jurisdiction of the Court of Federal Claims is also limited, however, by the I.R.C., including § 7422(a). *Radioshack Corp. v. United States (Radioshack)*, 566 F.3d 1358, 1360 (Fed.Cir.2009) (citing *United States v. Clintwood Elkhorn Mining Co. (Clintwood)*, 553 U.S. 1, 128 S.Ct. 1511, 1517, 170 L.Ed.2d 392 (2008)). Section 7422(a) states:

> *No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary,* according to the provi-

---

**6.** The parties do not dispute that plaintiff timely filed her Complaint in the United States Court of Federal Claims (Court of Federal Claims). *See* 26 U.S.C. § 6532(a) (2006) (*"No suit or proceeding under section 7422(a) ... shall be begun* before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor *after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."* (emphasis added)).

**7.** In addition, the Little Tucker Act, 28 U.S.C. § 1346(a)(1), provides that the Court of Federal Claims and the district courts shall have concurrent jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1) (2006).

sions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (2006)[8] (emphasis added). The provisions of law and regulations setting forth the requirements for a "duly filed" claim for refund include I.R.C. § 6511 and the regulations thereunder. Section 6511(a) establishes the filing deadline for a refund claim:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer *within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.* Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

26 U.S.C. § 6511(a) (2006) (emphasis added). Section 6511(b) specifies that "[n]o credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period." 26 U.S.C. § 6511(b)(1).

█ Under this statutory scheme, § 6511(a) is jurisdictional in nature, and a suit that fails to satisfy this provision must be dismissed for lack of subject matter jurisdiction. *See Comm'r v. Lundy*, 516 U.S. 235, 240, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) (noting that "the provisions governing refund suits in United States District Court or the United States Court of Federal Claims ... make timely filing of a refund claim a jurisdictional prerequisite to bringing suit"); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed.Cir.1983) ("It is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund

suit."). The Supreme Court has stated that, read together, §§ 6511 and 7422 bar a suit for refund in any court "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a)." *Clintwood*, 128 S.Ct. at 1515; *Radioshack*, 566 F.3d at 1361. The time limits imposed by the I.R.C. operate to restrict the period for filing a tax refund claim, despite the longer, six-year period generally provided under the Tucker Act. *Clintwood*, 128 S.Ct. at 1517 ("The refund scheme in the current [Internal Revenue] Code would have 'no meaning whatever' if taxpayers failing to comply with it were nonetheless allowed to bring suit subject only to the Tucker Act's longer time bar.").

### B. Informal Claim Doctrine

In addition to complying with the period of limitation set out in section 6511(a), a proper claim for refund must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the [IRS] Commissioner of the exact basis thereof." 26 C.F.R § 301.6402–2(b)(1) (2005). "The requirement for filing a proper refund claim 'is designed both to prevent surprise and to give adequate notice to the [Internal Revenue] Service of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination.'" *Computervision Corp. v. United States (Computervision )*, 445 F.3d 1355, 1363 (Fed.Cir.2006) (quoting *Alexander Proudfoot Co. v. United States*, 197 Ct.Cl. 219, 454 F.2d 1379, 1383 (1972)).

Case law has established the informal claim doctrine as an exception to the formal requirements stated in the I.R.C. and IRS regulations for filing a refund claim:

> Th[e] [Supreme] Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and

---

8. The court notes that the language of the Internal Revenue Code provisions and regulations cited in this Opinion was in effect during the relevant tax years. Specifically, the quoted language

from 26 U.S.C. §§ 7422(a), 6511(a), 6511(b)(1) and 26 C.F.R. § 301.6402–2(b)(1) matches the language in effect during the years 1998–2001.

regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.

*United States v. Kales,* 314 U.S. 186, 194, 62 S.Ct. 214, 86 L.Ed. 132 (1941). As the United States Court of Appeals for the Federal Circuit (Federal Circuit) has noted, both the Federal Circuit and its predecessor court, the Court of Claims, have specifically applied the informal claim doctrine and the doctrine is well-recognized in other circuits. *Computervision,* 445 F.3d at 1364. "Informal refund claims have long been held valid" when they "have a written component ... [and] adequately apprise the Internal Revenue Service that a refund is sought and for certain years." *Am. Radiator & Standard Sanitary Corp. v. United States (Am.Radiator),* 162 Ct.Cl. 106, 318 F.2d 915, 920 (1963) (finding informal claim based on "various notations and figures" written by taxpayer on timely filed income tax return); *see also Newton v. United States,* 143 Ct.Cl. 293, 163 F.Supp. 614, 619–20 (1958) (finding informal refund claim based on written protests prior to payment); *Night Hawk Leasing Co. v. United States,* 84 Ct.Cl. 596, 18 F.Supp. 938, 941–42 (1937) (finding informal refund claim based on objection on back of check stating in part, "This check is accepted as paid under protest pending final decision of the higher courts.").

### C. Motions to Dismiss

#### 1. Rule 12(b)(1)

Rule 12 of the Rules of the United States Court of Federal Claims (RCFC) provides for dismissal of a claim based on a "lack of subject-matter jurisdiction." RCFC 12(b)(1) (motion to dismiss for lack of subject-matter jurisdiction); RCFC 12(h)(3) (requiring dismissal for lack of subject-matter jurisdiction). "If a trial court concludes that the particular statute simply is not money-mandating, then the court shall dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1)." *Adair v. United States,* 497 F.3d 1244, 1251 (Fed.Cir.2007) (citing *Fisher,* 402 F.3d at 1173). Likewise, the statute of limitations is jurisdictional and claims barred by

the statute of limitations must be dismissed for lack of jurisdiction under RCFC 12(b)(1). *See John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 133–34, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008) ("Some statutes of limitations ... seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency.... As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as 'jurisdictional' ... and has long interpreted the court of claims limitations statute as setting forth this second, more absolute, kind of limitations period." (citations omitted)); *see also Radioshack,* 566 F.3d at 1359 (affirming trial court's decision, which held that, because plaintiff's refund claim was filed outside of the time limits imposed by 26 U.S.C. § 6511(a), plaintiff was barred from bringing suit pursuant to 26 U.S.C. § 7422, and which dismissed the untimely filed refund claim for lack of jurisdiction under RCFC 12(b)(1)).

With respect to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). When evaluating a motion to dismiss, the "allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 814–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). "When considering a motion to dismiss, the trial court views well-pleaded factual allegations in the complaint as true." *Nw. La. Fish & Game Pres. Comm'n v. United States (Nw.La.Fish),* 574 F.3d 1386, 1390 (Fed.Cir. 2009) (citing *Reynolds,* 846 F.2d at 747). "If a motion to dismiss for lack of subject matter jurisdiction ... challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute." *Reynolds,* 846 F.2d at 747 (citing *Land v. Dollar,* 330 U.S. 731, 735, 67 S.Ct. 1009, 91

L.Ed. 1209 (1947)). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

2. Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of a claim based on a "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). "If ... [the trial] court concludes that the facts as pled do not fit within the scope of a statute that is money-mandating, the court shall dismiss the claim on the merits under Rule 12(b)(6) for failing to state a claim upon which relief can be granted." *Adair*, 497 F.3d at 1251 (citing *Fisher*, 402 F.3d at 1175–76 (non en banc portion)). "In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Bank of Guam v. United States*, 578 F.3d 1318 (Fed. Cir.2009) (quoting *Bell Atl. Corp. v. Twombly* (*Bell Atl.*), 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The Supreme Court has recognized that the pleadings of pro se litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim.[9] *Hughes v. Rowe*, 449 U.S. 5, 9, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims."); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed.Cir.2007). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed.Cl. 497, 499, *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.2004) (unpublished table decision). "The fact that [a plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures...." *Henke v.*

*United States*, 60 F.3d 795, 799 (Fed.Cir. 1995).

In a case involving a pro se litigant, the Federal Circuit has interpreted the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly* as not having "changed the pleading requirement of Federal Rule of Civil Procedure 8 as articulated in [*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ]." *McZeal*, 501 F.3d at 1356 n. 4. According to the Federal Circuit, "The Supreme Court has explained what is necessary for a claimant to state a claim" by quoting *Conley* and Federal Rule of Civil Procedure 8(a)(2). *Id.* at 1356. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *McZeal*, 501 F.3d at 1356 (quoting *Bell Atl.*, 550 U.S. at 555, 127 S.Ct. 1955).

The Supreme Court has provided additional guidance regarding pleading adequate to survive a motion to dismiss. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563, 127 S.Ct. 1955. When evaluating a motion to dismiss for failure to state a claim, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683.

III. Discussion

A. Statute of Limitations

Defendant requests that the court dismiss plaintiff's complaint for lack of subject mat-

---

9. The court notes that, although appearing pro se, plaintiff is an attorney. Pl.'s App. 4, 6, 8. "Even a skilled lawyer who represents himself is at a disadvantage in contested litigation." *Kay v. Ehrler*, 499 U.S. 432, 437, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). "He is deprived of the judgment of an independent third party in framing the theory of the case ... and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." *Id.*

ter jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted, "because plaintiff failed to timely file claims for refund with the [IRS] for the tax years at issue, 1998, 1999, 2000, and 2001." Def.'s Mot. 3. Plaintiff acknowledges that she did not make formal claims for refund within the prescribed time period of § 6511—her tax returns for the years at issue were not filed with the IRS until June 22, 2007. Compl. ¶¶ 3, 5, 7, 9; *see* Pl.'s Resp. 1 ("Plaintiff's refund claims rest on the 'informal claim' doctrine."). Plaintiff argues, however, that she made timely informal claims for refund, which were remedied by her later-filed returns and which entitle her to the refund she claims. Compl. ¶¶ 3, 5, 7, 9; *see* Pl.'s Resp. 1–2. Defendant argues that "[c]ontrary to her allegations, plaintiff's filings for extensions of time to file her tax returns do not constitute 'informal claims' for refund, and therefore plaintiff's later-filed returns do not satisfy the applicable 'look-back period' prescribed in § 6511(b)." Def.'s Mot. 3. The court's determination of whether it has subject matter jurisdiction over plaintiff's claim, or is barred from considering the claim because it is outside the statute of limitations, is therefore tied up with its examination of plaintiff's Complaint and whether plaintiff has sufficiently pleaded facts that enable her Complaint to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Lundy,* 516 U.S. at 240, 116 S.Ct. 647 (noting that "the provisions governing refund suits in . . . [the] Court of Federal Claims . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit"); *Radioshack,* 566 F.3d at 1361 (" §§ 6511 and 7422 should be read together to bar a suit for refund in any court unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a)." (internal quotation marks omitted)).

### B. Plaintiff's Complaint and the Informal Claim Doctrine

In her Complaint, plaintiff alleges that, for each tax year at issue—1998, 1999, 2000, and

2001—"a timely 'informal claim' for refund was made tolling the statute of limitations by the filing of [p]laintiff's [relevant tax year] *Form 4868* with the Internal Revenue Service on April 15, [of the year following the relevant tax year], *and other submissions* made by [p]laintiff to the Internal Revenue Service." [10] Compl. ¶¶ 3, 5, 7, 9 (emphasis added). Defendant argues that "plaintiff does not identify, in either her [C]omplaint or her response brief, what 'other submissions' she made to the IRS beyond her untimely 'formal claims,' *i.e.,* the filings of her 1998–2003 Form 1040s on June 22, 2007, despite the fact that this information would be within plaintiff's knowledge and control." Def.'s Reply 5. Plaintiff argues that "a determination of the 'validity' of [p]laintiff's refund claims will require a fact intensive inquiry into the 'unique facts and circumstances' of [p]laintiff's claims aided by the discovery process." Pl.'s Resp. 4. More specifically, plaintiff asserts, "This will involve, among other things, a full examination of the documentary record in the hands of the IRS, as well as inquiry into the IRS's treatment of documents and other information in its possession relating to [p]laintiff's tax situation." *Id.* (footnote omitted).

▮ In light of the relevant pleading standards, the court cannot conclude that plaintiff, appearing pro se, has failed to state a claim upon which relief may be granted. In considering a motion to dismiss, the court must view "well-pleaded factual allegations in the complaint as true." *Nw. La. Fish,* 574 F.3d at 1390 (citing *Reynolds,* 846 F.2d at 747). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.,* 550 U.S. at 570, 127 S.Ct. 1955. In the court's view, it is plausible that, if plaintiff did timely file her Forms 4868 and make "other submissions" to the IRS that "adequately apprise the Internal Revenue Service that a refund is sought and for certain years," *Am. Radiator,* 318 F.2d at 920, plaintiff could establish that she made an informal claim for refund.

**10.** In her Complaint, plaintiff provides incorrect years for her filing of Forms 4868 for the 1998, 1999, and 2000 tax years, but the IRS record shows that the forms were, in fact, filed in the appropriate years. *See supra* note 3.

Case law has established that a determination of whether a timely and adequate informal claim for refund has been made hinges on the relevant facts of a particular case:

> No hard and fast rules can be applied because it is a combination of facts and circumstances which must ultimately determine whether or not an informal claim constituting notice to the Commissioner has been made. Necessarily each case must be decided on its own peculiar set of facts with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made.

*Newton v. United States,* 143 Ct.Cl. 293, 163 F.Supp. 614, 619 (1958). It is not immediately clear, from the decisions of other courts that have encountered the issue, whether a Form 4868, "Application for Automatic Extension of Time To File U.S. Individual Income Tax Return," is sufficient to constitute an informal claim for refund. *See Kaffenberger v. United States,* 314 F.3d 944, 955–56 (8th Cir.2003) (concluding that the district court did not commit obvious error in entering judgment based on the jury's special verdict that the facts and circumstances of the case, including the taxpayers' filing of Form 4868, satisfied the requirements of the informal claim doctrine); *Khinda v. Comm'r,* T.C. Memo.1994–617, 1994 WL 704789, at *1–2 (U.S.Tax Ct.1994) (concluding, in a case that was submitted fully stipulated, that a Form 4868 does not constitute an informal claim for refund). In any event, plaintiff here has alleged that she made "other submissions" to the IRS, in addition to her Forms 4868. Compl. ¶¶ 3, 5, 7, 9. Although plaintiff did not produce documents or other evidence of her Forms 4868 and "other submissions" with her Complaint, plaintiff is entitled to offer evidence to support her claims. When evaluating a motion to dismiss for failure to state a claim, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

The court's determination of whether it has subject matter jurisdiction over plaintiff's claim, or is barred from considering the claim because it is outside the statute of limitations, is tied up with its determination of whether plaintiff filed a timely and adequate informal claim for refund. *See Lundy,* 516 U.S. at 240, 116 S.Ct. 647; *Radioshack,* 566 F.3d at 1361. Plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. *Reynolds,* 846 F.2d at 748. If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. Conclusion

For the foregoing reasons, the court DENIES defendant's Motion to Dismiss.

IT IS SO ORDERED.

